UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HUMBERTO SOTO,
    *Petitioner*,

v.                                  No. 3:16-cv-00997 (JAM)

UNITED STATES OF AMERICA,
    *Respondent*.

**RULING DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Petitioner Humberto Soto, acting *pro se*, has filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Mr. Soto argues that his conviction under 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a "crime of violence" is unconstitutional under the Due Process Clause, because the statute's definition of a "crime of violence" is unconstitutionally vague. For the reasons that follow, I will deny the motion for post-conviction relief.

**BACKGROUND**

In March 2015, Mr. Soto pled guilty to one count of conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a), and to one count of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and § 2. The robbery conspiracy conviction served as the predicate "crime of violence" for the firearm conviction.

In June 2015, this Court sentenced Mr. Soto principally to a term of 84 months in prison, to be followed by five years of supervised release. The sentence of imprisonment included 24 months of imprisonment for his robbery conspiracy conviction and a consecutive term of 60 months of imprisonment for his possession of a firearm in furtherance of a crime of violence.

## DISCUSSION

A prisoner in federal custody may seek to have his sentence vacated, set aside, or corrected if his "sentence was imposed in violation of the Constitution or laws of the United States or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The prisoner bears the burden of proving, by a preponderance of the evidence, that he is entitled to relief. *See Napoli v. United States*, 45 F.3d 680, 683 (2d Cir. 1995).

Mr. Soto challenges his conviction under 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a crime of violence. He contends in principal part that the way that a "crime of violence" is defined under 18 U.S.C. § 924(c) is unconstitutionally vague in violation of the Constitution's Due Process Clause. The focus of his challenge is the so-called residual clause of 18 U.S.C. § 924(c)(3)(B), which defines a "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The Second Circuit has held that "a Hobbs Act conspiracy to commit robbery is by definition a conspiracy that involves a substantial risk that physical force may be used against the person or property of another." *United States v. Elder*, 88 F.3d 127, 128–29 (2d Cir. 1996); *see also United States v. Desena*, 287 F.3d 170, 181 (2d Cir. 2002) (noting that "a conspiracy to commit a crime of violence is a sufficient predicate crime of violence for the purposes of 18 U.S.C. § 924(c)"). Mr. Soto's robbery conspiracy conviction therefore plainly qualifies as a crime of violence under the residual clause, 28 U.S.C. § 924(c)(3)(B), such that he was validly subject to conviction for the use of a firearm in furtherance of a crime of violence.

Mr. Soto argues that the residual clause of § 924(c)(3)(B) is unconstitutionally vague in

light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which concluded that a similar residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. More recently, however, the Second Circuit has declined to conclude in light of *Johnson* that the residual clause of § 924(c)(3)(B) is unconstitutionally vague as applied in the context of a Hobbs Act robbery charge. *See Hill v. United States*, 2016 WL 4120667, at *7–*12 (2d Cir. 2016). The Second Circuit's decision in *Hill* clearly controls this case and compels me to deny relief for Mr. Soto for his void-for-vagueness claim.

The government argues that Mr. Soto's motion for post-conviction relief is barred by the appellate waiver provision in his plea agreement. *See United States v. Soto*, Case No. 3:14-cr-00085-JAM, Doc. #157 at 6. Because Mr. Soto's claim fails on the merits for the reasons explained above, I need not determine whether the appellate waiver should be enforced to foreclose relief here.

Mr. Soto's remaining arguments that his counsel was ineffective are without apparent foundation. In order to establish ineffective assistance of counsel, Mr. Soto would have to demonstrate that his counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result of his counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). Even assuming any deficient performance by counsel, Mr. Soto cannot show prejudice because—for the reasons explained above—there is no merit to his claim that the residual clause of § 924(c)(3)(B) is unconstitutionally vague.

## CONCLUSION

The motion to vacate, set aside, or correct his sentence is DENIED. Contrary to Mr. Soto's concern that "the Court will reject [his] pleading after simply skimming through it," Doc.

#8 at 2, the Court has carefully considered all of Mr. Soto's pleadings and arguments.

In the event that the Second Circuit reconsiders its decision in *Hill* or that the Supreme Court grants review of the Second Circuit's decision in *Hill*, Mr. Soto should promptly file a motion pursuant to Fed. R. Civ. P. 60 to reopen the proceedings in this case. Any renewed motion should address why Mr. Soto's appeal waiver does not otherwise preclude him from seeking relief under *Johnson*.

The Clerk of Court shall close the case.

It is so ordered.

Dated at New Haven this 16th day of September, 2016.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge